Filing # 127860167 E-Filed 06/01/2021 01:54:57 PM

IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
SMALL CLAIMS DIVISION

| | |
|---|---|
| **Jashondra Speed,** *Plaintiff,* v. **LVNV Funding, LLC,** *and* **TrueAccord Corp.,** *Defendants.* | Case No.: _____ Division: _____ Ad Damnum: $2,000 + Atty Fees & Costs **JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Jashondra Speed**, ("Ms. Speed"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendants, **LVNV Funding, LLC** ("LVNV"), and **TrueAccord Corp.** ("TrueAccord") (jointly, the "Defendants"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. Speed against the Defendants for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the *Florida Consumer Collection Practices Act*, Section 559.55, Florida Statutes, *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCCPA, Section 559.77(1), Florida Statutes, and Section 34.01, Florida Statutes.

3. The Defendants are subject to the provisions of the FDCPA and the FCCPA and to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4. Venue is proper in Hillsborough County, Florida, pursuant to Section 47.051, Florida Statutes, because the acts complained of were committed and / or caused by the Defendants within Hillsborough County.

## PARTIES

### Ms. Speed

5. **Ms. Speed** is a natural person residing in Tampa, Hillsborough County, Florida, and a *Consumer* as defined by the FDCPA and the FCCPA, 15 U.S.C. § 1692a(3) and Section 559.55(8), Florida Statutes, respectively.

### LVNV

6. LVNV is a Delaware limited liability company with a primary business address of **6801 S. Cimarron Rd, Suite 424-J, Las Vegas, NV 89113.**

7. LVNV is registered to conduct business in the State of Florida, where its registered agent is **Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.**

### TrueAccord

8. TrueAccord is a Delaware corporation with a primary business address of **16011 College Blvd, Suite 130, Lenexa, KS 66219.**

9. TrueAccord is registered to conduct business in the State of Florida, where its registered agent is **Incorp Services, Inc., 17888 67th Ct. N., Loxahatchee, FL 33470.**

### Defendants Are Debt Collectors

10. LVNV and TrueAccord are *Debt Collectors* within the meaning of the FDCPA, 15 U.S.C. § 1692a(6) and the FCCPA, Section 559.55(7), Florida Statutes, in that they use postal

mail or another instrumentality of commerce, interstate and within the State of Florida, for their businesses, the principal purposes of which are the collection of debts, and/or they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. LVNV and TrueAccord are registered with the Florida Office of Financial Regulation as *Consumer Collection Agencies* ("CCAs"). LVNV holds license number **CCA9902540**, and TrueAccord holds license number **CCA9903295**.

12. As debt-collector licensees, the Defendants know or should know the requirements of both the FDCPA and the FCCPA.

## FACTUAL ALLEGATIONS

13. Around July 27, 2018, Ms. Speed opened a Visa credit card account with Credit One Bank ("**Credit One**").

14. Credit One later claimed approximately $764.93 was owed and past due, and it charged off the debt in or around June 2019 (the "**alleged Debt**" or "**Debt**").

15. Ms. Speed disputes owing the Debt in full.

16. The Debt arose from the purchase of goods and services, specifically, consumer goods and services charged to a consumer credit card, which were primarily for family, personal, or household purposes, and thus meets the definition of *Debt* under the FDCPA, 15 U.S.C. § 1692a(5), and the FCCPA, Section 559.55(6), Florida Statutes.

### LVNV Purchased Debt and Assigned to TrueAccord for Collection

17. Around January 2020, the Debt was sold to LVNV or an unknown successor-in-interest who then re-sold the Debt to LVNV.

18. In or around April 2021, without the consent of Ms. Speed, LVNV communicated considerable information to TrueAccord. At the time of this communication, TrueAccord was a third party. LVNV communicated Ms. Speed's name and address, the amount of the Debt, the original creditor, the date of delinquency, and the nature of the Debt. On information and belief, LVNV also assigned the Debt to TrueAccord for collection.

19. TrueAccord is neither a *consumer reporting agency* ("CRA") nor an attorney for LVNV, and the Debt has not been reduced to judgment. Therefore, such third-party disclosure was made without authority or exemption under the FDCPA, 15 U.S.C. § 1692c(b). *See Hunstein v. Preferred Collection & Mgmt. Servs.*, No. 8:19-cv-983 (11th Cir. April 21, 2021).

20. The term *Communication* is defined in the FDCPA, 15 U.S.C. §1692a(3), as "the conveying of information regarding a debt directly or indirectly to any person through any medium," which includes sending an electronic file containing information about Ms. Speed's purported Debt to TrueAccord.

21. LVNV's communication to TrueAccord was in connection with the collection of a Debt since it involved disclosure of the Debt to a third party with instructions to produce collection letters, emails, and other communications to be sent to Ms. Speed, the consumer, with the objective that TrueAccord would motivate the consumer to pay some or all of the alleged Debt.

22. 15 U.S.C. § 1692c(b) states that:

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the <u>consumer</u>, his <u>attorney</u>, a <u>consumer reporting agency</u> if otherwise permitted by law, the <u>creditor</u>, the <u>attorney of the creditor</u>, or the <u>attorney of the debt collector</u>." (emphasis added).

23. TrueAccord, a contractor utilized by LVNV as part of its debt collection efforts against Ms. Speed, does not fall within any of the exceptions listed within 15 U.S.C. § 1692c(b).

24. Due to LVNV's communications with TrueAccord, information about Ms. Speed, including her name, nature of her alleged debt, amount she supposedly owes as a result, and other personal information, are all within possession of a third party not expressly listed within 15 U.S.C. § 1692c(b).

25. If a debt collector "conveys information regarding the debt to a third party – informs the third party that the debt exists or provides information about the details of the debt – then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

26. LVNV's unauthorized and prohibited communications caused Ms. Speed, a consumer who highly values her privacy, significant emotional distress since her confidential, legally protected medical and personal information had been unlawfully disseminated to third parties.

### TrueAccord Email Threatens Litigation Despite No Intention To Litigate

27. On May 3, 2021, TrueAccord emailed Ms. Speed in an attempt to collect the Debt (the "**Collection Email**"). **SEE PLAINTIFF'S EXHIBIT A.**

28. The Collection Email prominently stated, "(I)f you fail to contact us about this account it will be returned to our client who then may forward it to a local attorney for the purposes of filing suit. We'd like to avoid this, and find a way to work together." *Id.*

29. The Collection Email also contained a hyperlink to TrueAccord's website. Upon clicking the hyperlink, Ms. Speed was re-directed to TrueAccord's website, which stated, "Your account is placed with us for a period of time. If you haven't resolved your balance or set up a

payment plan while your account is with us, LVNV Funding LLC may send it to a lawyer in your state for legal review." **SEE PLAINTIFF'S EXHIBIT C.**

30. Below this, there was a "Frequently asked questions" section that asked: "What is legal review?" TrueAccord's website answered: "If you do not set up a payment arrangement before your account is recalled, LVNV Funding LLC may refer your account to a law firm in your state for review." *Id.*

31. The message that TrueAccord conveys to Ms. Speed is unambiguous and clear: pay a disputed debt, or you will be sued for it. Indeed, upon receiving the Collection Email, Ms. Speed believed LVNV intended to sue her for the Debt.

32. LVNV is one of the largest debt collectors and debt buyers in the United States, and it purchases hundreds of millions of dollars worth of charged-off consumer debts each year. While LVNV does frequently file suit in Hillsborough County Small Claims Court and Hillsborough County Civil Court, as well as in every other county in Florida, to recover debts from consumers, it has not sued a Florida consumer for a debt under $800 a single time in the last 5 years, out of more than 15,000 lawsuits filed in Florida during this time period.

33. Presumably, this is due to the $180 filing fee required, in addition to another $30 to $50 to effectuate service of process, plus attorneys' fees and costs. Thus, LVNV would not have even remotely contemplated suing Ms. Speed, a Florida consumer, for a $764.93 debt, since its business model has determined that the investment of $500 or more to recover a debt of this amount is not economically viable.

34. Prominent threats of legal action – even if buttressed with modifiers like "may" – when no legal action is actually intended is highly misleading and prejudicial to even a reasonable consumer, and certainly an unsophisticated consumer, and would be highly likely to

impede an unsophisticated consumer from properly charting a course of action to take regarding payment, or non-payment, of the debt.

35. An email from a debt collector is a *Communication* pursuant to the FDCPA; *see Hart v. Credit Control, LLC*, 871 F. 3d 1255, 1257-58 (11th Cir. 2017).

36. TrueAccord is an agent for LVNV, a debt collector. LVNV is therefore liable for the actions of its agent, TrueAccord.

37. Ms. Speed has hired the aforementioned law firm to represent her in this matter and has assigned her right to fees and costs to such firm.

## COUNT I
## VIOLATIONS OF THE FDCPA

38. Ms. Speed adopts and incorporates paragraphs 1 – 37 as if fully stated herein.

39. LVNV violated **15 U.S.C. § 1692c(b)** when it communicated information about the Debt to TrueAccord, an unauthorized third party, without Ms. Speed's consent, and TrueAccord was not the creditor, an attorney for the creditor, a CRA, or an attorney for LVNV.

40. The Defendants violated **15 U.S.C. § 1692e and 1692e(10)** when they used misleading and deceptive means to attempt to collect a debt by:

    (a) repeatedly claiming that TrueAccord had a limited period of time to collect the Debt, in full, from Ms. Speed, and otherwise, LVNV would forward the Debt to an attorney in or around Hillsborough County for litigation, despite the fact LVNV never had any intention to sue Ms. Speed, or any other Florida consumer, for a sub-$800 debt; and,

    (b) creating a false sense of urgency by telling Ms. Speed to pay now or the Debt will be sent to an attorney for legal review in the very near future. TrueAccord's

communications repeatedly emphasized that time was running short for Ms. Speed to avoid legal action being taken against her. In reality, no such ticking clock existed, as no legal review was ever intended, nor was litigation concerning the Debt going to be contemplated by LVNV, a debt collector.

41. The Defendants violated **15 U.S.C. § 1692e(5)** when they threatened action not intended to be taken, to wit, the filing of a lawsuit against Ms. Speed for recovery of a disputed Debt of less than $800.

42. The Defendants violated **15 U.S.C. § 1692(f)** when they attempted to collect a debt using unfair means, to wit, repeatedly threatening "legal review" of her disputed Debt by an attorney in her area, making a clear and unequivocal threat of legal action against Ms. Speed if she did not pay a disputed debt quickly.

43. LVNV violated **15 U.S.C. § 1692(f)** when it knowingly disclosed sensitive personal information about Ms. Speed to a third party not expressly authorized under the FDCPA.

44. At all times relevant, TrueAccord was acting as LVNV's agent and within the scope of its authority. LVNV, as principal, is therefore jointly and severally liable for the actions of its agent, TrueAccord.

**WHEREFORE,** Ms. Speed respectfully requests this Honorable Court enter judgment against LVNV and TrueAccord, jointly and severally, for:

    a. Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

    d. Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FCCPA

45. Ms. Speed adopts and incorporates paragraphs 1 – 37 as if fully stated herein.

46. LVNV violated **Section 559.72(5), Florida Statutes**, when it disclosed to TrueAccord, a third party, information that would affect Ms. Speed's reputation, specifically details about her purported unpaid bills. LVNV was aware that there was no legitimate business *need* to convey this information, since LVNV has hundreds of in-house debt collection agents and could easily have collected the purported Debt itself without any need to disclose the information to a third party.

47. Instead, LVNV *intentionally decided* to disclose this information to TrueAccord as part of its debt collection effort against Ms. Speed because it allowed LVNV to gain a competitive advantage over the competition through increased profit margins by outsourcing work to TrueAccord, even though this outsourcing required disclosure of legally protected information which by law could not be shared with TrueAccord.

48. By their conduct, the Defendants are liable for the above-stated violations of the FCCPA.

**WHEREFORE,** Ms. Speed respectfully requests this Honorable Court enter judgment against LVNV for:

   a. Statutory damages of **$1,000.00**, pursuant to Section 559.77(2), Florida Statutes;

   b. Actual damages pursuant to Section 559.77(2), Florida Statutes;

   c. Equitable relief enjoining LVNV from any further violation of the FCCPA;

   d. Reasonable costs and attorneys' fees pursuant to Section 559.77(2), Florida Statutes; and,

   e. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Ms. Speed demands a jury trial on all issues so triable.

Respectfully submitted this **June 1, 2021,** by:

        **SERAPH LEGAL, P. A.**

        */s/ Brandon D. Morgan*
        Brandon D. Morgan, Esq.
        Florida Bar No.: 1015954
        BMorgan@SeraphLegal.com

        */s/ Thomas M. Bonan*
        Thomas M. Bonan, Esq.
        Florida Bar No.: 118103
        TBonan@SeraphLegal.com

        1614 N. 19th St.
        Tampa, FL 33605
        Tel: 813-567-1230
        Fax: 855-500-0705
        *Counsel for Plaintiff*

## ATTACHED EXHIBIT LIST

A TrueAccord Collection Email to Plaintiff, May 3, 2021
B TrueAccord Website – Payment Request Page and FAQ

# EXHIBIT A
# TrueAccord Collection Email to Plaintiff, May 3, 2021

From: **Charlie Maxwell** <███@hello.trueaccord.com>
Date: Mon, May 3, 2021 at 10:39 AM
Subject: Attn: your balance with LVNV Funding LLC (current creditor of your original Credit One Bank, N.A. account)
To: Jashondra Speed ███

What better time than now?

This is an important message for Jashondra Speed. If you are not this person, please disregard and delete it.
Email not displaying correctly?
Skip to our message.

At this time, no attorney has personally reviewed the particular circumstances of your account. However, if you fail to contact us about this account it will be returned to our client who then may forward it to a local attorney for the purposes of filing suit. We'd like to avoid this, and find a way to work together. Learn More.

Let's start today.

Today is a good day to pay off your outstanding balance with LVNV Funding LLC (current creditor of your original Credit One Bank, N.A. account).

Put us at ease and take charge of this debt.

**It's time to pay**

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Please read below for important disclosures.

Copyright © 2021 TrueAccord

# EXHIBIT A
# TrueAccord Collection Email to Plaintiff, May 3, 2021

16011 College Blvd, Suite 130, Lenexa, KS 66219
1-866-611-2731
Office Hours: M-F, 8 AM - 8 PM ET
Your TrueAccord account number is: 47-03-8570-14686

Click here for more information about your balance

Unsubscribe   Dispute this debt   Privacy Policy

Log in to your account

This was originally an account with Credit One Bank, N.A., account number ending in ▆▆▆▆

You can view your Gramm-Leach-Bliley Privacy Rights by visiting this url: http://go.trueaccord.com/resurgent_glb

LVNV Funding LLC account number ending in: ▆▆▆▆

# EXHIBIT B
## TrueAccord Website – Payment Request Page and FAQ

